UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 24-CR-87 (NEB/DJF) |
| Plaintiff, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| ERICK DURAY RUSSELL, | |
| Defendants. | |

Defendant Erick Duray Russell is charged with two counts of being a felon in possession of a firearm in violation of 18 U.S.C. Sections 922(g)(1) and 924(e)(1), one count of possession with the intent to distribute fentanyl in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C), and one count of carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. Section 924(c)(1)(A). (ECF No. 1.) Russell moved to suppress evidence and statements and to dismiss Counts I and II of the Indictment. (ECF Nos. 28–30.) In a Report and Recommendation, United States Magistrate Judge Dulce J. Foster recommends denying Russell's motions. (ECF No. 47 ("R&R").)

Russell filed a three-sentence objection to the R&R, offering no new argument supporting his positions. (ECF No. 48 ("Obj.").) Because he objects, the Court reviews the R&R *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b); D. Minn. LR 72.2. Based on

that review, the Court overrules the objection, accepts the R&R, and denies Russell's motions.

First, Russell objects to the recommendation to deny his motion to suppress evidence and the designation of his seizure as an investigatory stop rather than an arrest. (Obj. at 1.) Having reviewed the evidence, the Court agrees with the R&R's conclusion that officers seized Russell briefly in an investigatory stop that was supported by a reasonable suspicion of criminal activity. (R&R at 7; *see* ECF No. 40 ("Hr'g Tr."); Gov't Ex. 2; Def. Exs. 1–3.) This objection is overruled.

Second, Russell objects to the recommendation to deny his motion to suppress statements and the conclusion that "his non-*Mirandized* interrogation was constitutionally admissible." (Obj. at 1.) Russell's self-identification by stating his name for a police officer, (Gov't Ex. 2), does not constitute a violation of his *Miranda*[1] rights as nothing suggests that the officer should reasonably have been aware that the information would be relevant to the charges against Russell. *See United States v. Tapia-Rodriguez*, 968 F.3d 891, 894 (8th Cir. 2020) ("'A request for routine information necessary for basic identification purposes is not interrogation' unless 'the government agent should reasonably be aware that the information sought . . . is directly relevant to the substantive offense charged.'" (citing *United States v. Ochoa-Gonzalez*, 598 F.3d 1033, 1038 (8th Cir. 2010)). This objection is overruled.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Finally, Russell objects to the denial of his motion to the dismiss the felon-in-possession counts (Counts I and II), contending that the charges violated the Second Amendment and the Commerce Clause of the United States Constitution. (Obj. at 1.) The Eighth Circuit has held that Section 922(g)(1) does not violate the Second Amendment. *United States v. Jackson*, 110 F.4th 1120, 1129 (8th Cir. 2023). The Eighth Circuit has also held that Section 922(g)(1) falls within Congress' constitutional authority to regulate interstate commerce. *See United States v. Stuckey*, 255 F.3d 528, 529–30 (8th Cir. 2001); *see also United States v. Nash*, 627 F.3d 693, 696–97 (8th Cir. 2010) ("Satisfying the interstate commerce element of 18 U.S.C. § 922(g) requires only 'the minimal nexus that the firearm have been, at some time, in interstate commerce.'" (citing, among others, *Scarborough v. United States*, 431 U.S. 563, 575 (1977)). Russell acknowledged that his arguments are foreclosed by binding precedent, but he seeks to preserve the arguments for further review. (ECF No. 30; ECF No. 35 at 1–2; ECF No. 40 at 42:18–21; ECF No. 43 at 3–4, 7.) This objection is overruled.

Based on all the files, records, and proceedings in this case, IT IS HEREBY ORDERED THAT:

1. Defendant Erick Duray Russell's Objection (ECF No. 48) is OVERRULED;

2. The Report and Recommendation (ECF No. 47) is ACCEPTED; and

3. Russell's Motion to Suppress Evidence Pursuant to the Fourth Amendment (ECF No. 28), Motion to Suppress Statements Pursuant to the Fifth

Amendment (ECF No. 29), and Motion to Dismiss Counts I and II of the Indictment (ECF No. 30) are DENIED.

Dated: August 11, 2025          BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge

4