**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

ERICK DURAY RUSSELL,

Defendant.

Case No. 24-CR-87 (NEB/DJF)

ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court previously denied three motions Defendant Erick Duray Russell made in February 2025 to suppress evidence and statements and to dismiss Counts I and II of his Indictment. (ECF No. 50 (denying motions contained in ECF Nos. 28–30).) Russell made his February 2025 motions with the assistance of counsel. Russell now refiles those same motions proceeding *pro se*. (ECF Nos. 74–78.) At an evidentiary hearing in support of his refiled motions, Russell introduced new evidence including photographs, body-worn camera footage, and officer testimony. (ECF No. 87.)

In a report and recommendation ("R&R") dated August 20, 2026, United States Magistrate Judge Dulce J. Foster recommends denying Russell's refiled motions because Russell has not proffered any new grounds that the Court did not already consider in dismissing his earlier motions. (ECF No. 94.) Russell filed an objection to the R&R. (ECF No. 99 ("Obj.").) Because he objects, the Court reviews the R&R *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b); D. Minn. LR 72.2. Based on that review, the Court overrules Russell's objection, accepts the R&R, and denies Russell's refiled motions.

Russell mainly objects to the R&R's determination that he has failed to provide additional grounds for his motions previously unexplored by the Court. (Obj., at 2–3.)

Russell argues that his refiled motions and new evidence "significantly altered the grounds" upon which brought his February 2025 motions. (*Id.*) But merely presenting more evidence in support of old grounds is not the same as presenting new grounds. And here, the refiled motions rest on the same grounds and general fact patterns as the 2025 motions.[1] The Court agrees with the R&R's conclusion that Russell's evidence and refiled motions do not proffer additional grounds to support his motions. This objection is overruled.

Russell also seems to separately object to the R&R's recommendation to deny his motion to dismiss Counts I and II. (Obj., at 9–10.) This Court previously denied Russell's argument that Section 922(g)(1) violates the Second Amendment. (ECF No. 50.) Again, Russell does not provide this Court with additional grounds to support dismissal of Counts I and II, so this objection is also overruled.

Based upon all the files, records, and proceedings in the above-captioned matter, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation (ECF No. 94) is ACCEPTED;

2. Defendant's Pretrial Motion to Suppress Illegally Obtained Evidence Pursuant to the Fourth Amendment (ECF Nos. 74 and 75) are DENIED;

---

[1] *Compare* ECF No. 28, at 2–3 (arguing for suppression of evidence on warrantless arrest grounds stemming from an interaction on December 30, 2023) *with* ECF Nos. 75–76 (same); *compare* ECF No. 29, at 3 (arguing for suppression of Russell's statements made to police in a firehouse on December 30, 2023, under *Miranda v. Arizona*, 384 U.S. 436 (1996) and on Fifth Amendment grounds) *with* ECF No. 78 (same); *compare* ECF No. 30 (arguing for dismissal of Counts I and II of the indictment on a theory that the underlying statute is unconstitutional in violation of the Second Amendment) *with* ECF No. 76 (same).

3. Defendant's Pretrial Motion to Dismiss Counts I and II of the Indictment (ECF No. 76) is DENIED; and

4. Defendant's Pretrial Motion to Suppress Statements Pursuant to the Fifth Amendment (ECF No. 78) is DENIED.

Dated: November 10, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge